# United States District Court
## Wisconsin Eastern District at the Milwaukee Division

Pablito Vega
Petitioner                                            CASE: _____

Vs.

Community Development Financial Institution
Local Initiatives Support Corporation Milwaukee Office
234 West Florida Street
Suite 204
Milwaukee, WI 53204
Phone: 414.273.1815
Fax: 414.273.2036
RESPONDENT

&

Community Development Financial Institution
Milwaukee Economic Development Corporation
757 N Broadway Avenue
Suite 600
Milwaukee WI 53202
Phone: (414) 269-1440
Fax: (414) 269-1466
RESPONDENT

## COMPLIANT

The Court enjoys subject matter jurisdiction under the Equal Credit Opportunity Act (ECOA). Codified at 15 U.S.C. § 1691 enacted 28 October 1974.

"Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter." 15 U.S.C. § 1691e(c)

15 U.S.C. § 1691(f) Jurisdiction of Courts, "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction."

LAUREN PARKER, Plaintiff, v. TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and CREDIT ONE BANK N.A., Defendants, Case No. 22-cv-01751, United States District

PAGE 1 OF 5

"The Equal Credit Opportunity Act bans discrimination against any applicant, with respect to any aspect of a credit transaction, on various bases—race, color, religion, national origin, sex or marital status, age, reliance on public assistance, or because an applicant has in good faith exercised any right under the Consumer Credit Protection Act." See 15 U.S.C. § 1691(a)

GEORGE COPPLE, Plaintiff, v. SOUTHERN BANK OF TENNESSEE, Defendant. Case No. 3:22-cv-00692. United States District Court, M.D. Tennessee, Nashville Division, 15 March 2023

"'The ECOA exists to prevent discrimination by creditors against certain classes of credit applicants.' Dorton v. Kmart Corp., 229 F. Supp. 3d 612, 615 (E.D. Mich. 2017) (citing Mays v. Buckeye Rural Elec. Coop., 277 F.3d 873, 876 (6th Cir. 2002); 15 U.S.C. § 1691(a)). Specifically, Section 1691(a) prohibits discrimination against credit applicants 'on the basis of race, color, religion, national origin, sex or marital status, or age,' because an applicant derives 'all or part of [his or her] income from any public assistance program,' or for exercising rights protected by the ECOA. 15 U.S.C. § 1691(a)

REGINALD WILLIAMS, v. NATIONSTAR MORTGAGE, LLC. Civil Action No. 19-00663-BAJ-SDJ, **United States District Court, M.D. Louisiana,** 25 January 2023

"The purpose of the ECOA is to eradicate credit discrimination. *Phoenix v. Wells Fargo Bank, N.A.*, No. 16-cv-75, 2016 WL 7379001, at *3 (M.D. La. Dec. 20, 2016) (Brady, J.) (citing *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982). To this end, the ECOA requires (among other things) 'that a creditor must notify an applicant for credit of "adverse action" taken against his application and, in so doing, must give a written statement of the specific reasons therefor,' *Jochum v. Pico Credit Corp. of Westbank*, 730 F.2d 1041, 1042 (5th Cir. 1984) (citations omitted). The ECOA defines adverse action as 'a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested.' 15 U.S.C. § 1691(d)(6). Any creditor who fails to comply with ECOA's requirements shall be liable to an "aggrieved applicant" for actual or punitive damages, and an "aggrieved applicant" may obtain 'such equitable and declaratory relief as is necessary to enforce" EOCA's requirements.'" *Chen v. Chase Bank USA, N.A.*, 393 F. Supp. 3d 850, 852 (N.D. Cal. 2019) (citing 15 U.S.C. § 1691e(a)-(c))

## STATEMENT OF FACTS

As of 11 March 2021 the State of Wisconsin was awarded $2.5 billion in ARPA economic assistance to address recovery efforts from the COVID-19 Pandemic to small businesses that included entities such as Vega Global Advisors.

President Biden signed ARPA into law on March 11, 2021. The act provides a total of $1.9 trillion in economic stimulus to aid the recovery from the COVID-19 pandemic. Of the $350 billion earmarked for state, local, tribal, and territorial governments, Wisconsin is receiving $2.5 billion." (Citing https://dhs.wisconsin.gov/arpa/hcbs.htm)

From that $2.5 billion ARPA distribution to the State of Wisconsin a decision was made at the Executive Branch to allocate $42 million dollars to the Wisconsin Department of Administration to be directed to small businesses in the form of grants and forgivable loans that would be managed by several Community Development Financial Institutions that were not authorized to keep any of those funds for themselves or to exclude small businesses they did not find a liking to or add any new criteria supplementing the Grant Award or Grant Agreement between the Wisconsin Department of Administration and any other

"The purpose of the Diverse Business Investment Program is to provide funding to Community Development Financial Institutions to support grants and forgivable loans to small businesses in qualified census tracts or areas disproportionately impacted by the COVID-19 pandemic. The State intends to award up to $42,158,312 in grants through this Program. Funding for this assistance is provided to Wisconsin by the Federal American Rescue Plan Act of 2021." (Citing https://doa.wi.gov/pages/DiverseBusinessInvestment.aspx)

As a result of this $42 million allocation on 21 April 2022 to two (2) Milwaukee Community Development Financial Institutions that have a physical presence within Southeastern Wisconsin were awarded $8.3 million amongst them. The distribution demonstrated as such:

| | |
|---|---|
| Local Initiatives Support Corporation: | $3,300,000 |
| Milwaukee Economic Development Corporation: | $5,000,000 |

Both corporations have implemented policies to allow their staffers to operate remotely off site during the ongoing COVID-19 Pandemic as of Summer 2022 while retaining a skeletal presence at their respective brick and mortar physical location.

Vega Global Advisors was denied credit by being denied access to a grant and a forgivable loan by LISC during a video call with Matt Melendes at 11:00 AM on 30 September 2022. During this video call Matt Melendes categorically denied that LISC did not function as a traditional financial lender. Matt Melendes indicated that LISC only provided construction loans to prospective borrowers for the purpose to revitalize portions of Walkers Point that had undergone decades of neglect. And LISC would not take any risk to provide any type of loan to a small business that did not report satisfiable revenue numbers from 2020 to 2022 during the COVID-19 Pandemic because LISC would not have any measure to gauge the ability of the small business to retire the loan in question within a timely period thus exposing LISC at risk of not being the potential beneficiary of any future allocation from the State of Wisconsin. Even so Vega Global Advisors indicated to Matt Melendes that the purpose of the financial assistance being requested from LISC would be to revitalize a shuttered property somewhere within 53204 as either a rented space or as an outright acquisition to upgrade the IT Systems components of the small business so to allow Vega Global Advisors to function at full strength in the private sector. At no time during this conversation did Matt Melendes acknowledge that LISC was the beneficiary of $3.3 million from the State of Wisconsin to assist small businesses via a grant or forgivable loan to recover from the COVID-19 Pandemic. He kept that information secret and refused to disclose it. Instead Matt Melendes recommended Vega Global Advisors should seek the assistance of a Venture Capitalist.

In reaching this decision LISC violated Vega Global Advisors right to access a credit source because the income in question was affected by the COVID-19 Pandemic which was based on income that derived from part-time employment, or a 401K, or revenue held in reserve.

"When evaluating your income, a creditor may not discount or refuse to consider some income because it comes from part-time employment, Social Security, pensions, or annuities" (Citing https://consumer.ftc.gov/articles/credit-discrimination)

Vega Global Advisors was denied credit by being denied access to a grant and a forgivable loan by the Milwaukee Economic Development Corporation during a phone call with a person who only identified herself as Beth who answered the phone and refused to connect the call with a loan officer at 4 PM on 27 October 2022. She refused to do so after being asked 2 times.

The call was lost and re-dialed, this time a person identifying themselves as Diane pick-up the call but refused to connect the call to a loan officer or to Beth, claiming Beth was on another call. Both Beth and Diane are not employed as loan officers at the Milwaukee Economic Development Corporation. Why they were allowed to answer the phones and not direct callers to a loan officer is not known. What is known is that both Beth and Diane refused to connect the call with an actual loan officer authorized to be employed in that capacity at the Milwaukee Economic Development Corporation. During the call with Beth who initially picked up the phone and refused to connect the call to a loan officer, Beth simply manages to insert herself into the call that was not intended for her. During this conversation Beth repeatedly denied that the Milwaukee Economic Development Corporation had any grants or forgivable loans on hand derived from the State of Wisconsin to provide to small businesses affected by the COVID-19 Pandemic for any purpose including revitalizing a shuttered property anywhere throughout Milwaukee. At no time during this conversation did Beth acknowledge that MEDC was the beneficiary of $5 million from the State of Wisconsin to assist small businesses via a grant or forgivable loan to recover from the COVID-19 Pandemic. Again the same pattern of criminal behaviour as LISC, she kept that information secret and refused to disclose it to Pablito Vega. By refusing to connect the call to a loan officer repeatedly and by denying that the Milwaukee Economic Development Corporation did not have on hand any grants or forgivable loans derived from the State of Wisconsin to provide to small businesses affected by the COVID-19 Pandemic, Pablito Vega was obviously denied credit. Instead he was the subject in effect of a criminal fraudulent act that one more time violated Vega Global Advisors right to access a credit source because the income in question was affected by the COVID-19 Pandemic which was based on income that derived from part-time employment, or a 401K, or revenue held in reserve.

"When evaluating your income, a creditor may not discount or refuse to consider some income because it comes from part-time employment, Social Security, pensions, or annuities" (Citing https://consumer.ftc.gov/articles/credit-discrimination)

According to the Award Agreement between the State of Wisconsin Department of Administration and the Community Development Financial Institution entity known as LISC there is no provision included that authorizes the LISC to add new criteria or additional conditions to negate the providing of either a grant or forgivable loan to a qualified small business that meets all prior criteria and qualifications to be granted the grant or forgivable loan. That is LISC cannot convert a lump sum awarded to LISC by not allowing to disburse any grants or forgivable loans to qualified small businesses that meet the criteria for disbursement under the Award Agreement. LISC is not authorized to do whatever it pleases with the lump sum awarded to LISC by restricting the resource to only small businesses that will use the loan for construction purposes only in 53204.

According to the Award Agreement between the State of Wisconsin Department of Administration and the Community Development Financial Institution entity known as Milwaukee Economic Development Corporation there is no provision included that authorizes the MEDC to add new criteria or additional conditions to negate the providing of either a grant or forgivable loan to a qualified small business that meets all prior criteria and qualifications to be granted the grant or forgivable loan. That is MEDC cannot convert a lump sum awarded to MEDC by not allowing to disburse any grants or forgivable loans to qualified small businesses that meet the criteria for disbursement under the Award Agreement. MEDC is not authorized to do whatever it pleases with the lump sum awarded to MEDC by restricting the resource to only small businesses that do not have a proper financial relationship with their primary lender for one reason or another.

Therefore the Petitioner Pablito Vega ask the Court to order both entities to release to him a grant in the amount of $200,000 each and to compensate for the fraudulent acts committed against him another sum as punitive compensation for the fraudulent act of denying him the resource in question in the first instance in the amount of another $200,000 each. A total of $800,000.

Pablito Vega
Quantitative Analyst
Vega Global Advisors
1314 South First Street
Lobby Suite
Milwaukee WI 53204
1-609-874-9129 Phone
1-248-748-2676 Fax
Vegas_P@outlook.com

*Pablito Vega*     9 OCTOBER 2023

_____    _____
PABLITO VEGA                              DATE

Sob juramento de lei, Pablito Vega, que sos es uno de los Europello más marravillozzo de tododeis de los Europellos y jura que a sua declaração está correta e não diz mais nada sobre a seguinte pergunta de oz Santos Europellos en vosotros cielo gloriozzo de oz Europello mas pode rozzo des di Saa-Maria y Judia y les pedodeis a la Europella toda pode rozza en vosotros cielo glorizzo Santa Cecilia de los Santos proteccioneis contrais el enfermo enemigo de la santa paz y tranquilidad. Please take notice that on 9 OCT 2023 Pablito Vega deposited into the USPS the attached Complaint to be filed with the Clerk of the US District Court at Wisconsin Eastern District Milwaukee Division, so that the Complaint will be uploaded via the E-MACS Pacer Platform and assigned a Civil Docket Number. Pablito Vega certifies under the penalty of perjury and criminal liability that a copy of this Notice of Filing along with the authenticated Complaint & Waiver of Service of SUMMONS will be served upon the parties listed below.

## United States District Court
## Wisconsin Eastern District at the Milwaukee Division

Pablito Vega
Petitioner                                         CASE: _____

Vs.

Community Development Financial Institution
Local Initiatives Support Corporation Milwaukee Office
RESPONDENT I

&

Community Development Financial Institution
Milwaukee Economic Development Corporation
RESPONDENT II

### NOTICE OF SERVICE

| | |
|---|---|
| Community Development Financial Institution | Community Development Financial Institution |
| Office of Legal Counsel | Office of Legal Counsel |
| LISC Milwaukee Office | MEDC Milwaukee Office |
| 234 West Florida Street | 757 North Broadway Avenue |
| Suite 204 | Suite 600 |
| Milwaukee, WI 53204 | Milwaukee, WI 53202 |
| Phone: 414-273-1815 | Phone: 414-269-1440 |
| Fax: 414-273-2036 | Fax: 414-269-1466 |