UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PABLITO VEGA,

      Plaintiff,

vs.

Case No. 23-CV-1357

COMMUNITY DEVELOPMENT FINANCIAL
  INSTITUTION LOCAL INITIATIVES SUPPORT
  CORPORATION MILWAUKEE OFFICE,

COMMUNITY DEVELOPMENT FINANCIAL
  INSTITUTION MILWAUKEE ECONOMIC
  DEVELOPMENT CORPORATION,

      Defendants.

**DEFENDANT MILWAUKEE ECONOMIC DEVELOPMENT CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Pablito Vega ("Mr. Vega") brought this action against two Community Development Financial Institutions, including the Milwaukee Economic Development Corporation ("MEDC"), alleging that both discriminated against him in violation of the Equal Credit Opportunity Act ("ECOA"). This Court should dismiss Mr. Vega's claims against MEDC pursuant to Fed. R. Civ. P. 12(b)(6) because he failed to establish that he applied for an extension of credit from MEDC, or that MEDC discriminated against him, and therefore he has not plausibly stated a claim for relief.

## II. FACTS ALLEGED BY PLAINTIFF

On October 5, 2021, Wisconsin Governor Tony Evers announced the Diverse Business Investment Grant program, which gave $37.5 million to community development financial institutions to award grants to micro-businesses with 10 or fewer employees that are owned by members of communities disproportionately impacted by the pandemic.[1] Eligible businesses must have been both severely distressed by the economic effects of COVID-19 and have historically had difficulty accessing the credit and capital necessary to recover.[2] MEDC was selected by the Wisconsin Department of Administration as one of the community development financial institutions to receive funds to disburse for the program.[3] However, MEDC did not receive specific guidance on how it was to disburse these grants from the Wisconsin Department of Administration until January 2023.[4] It was therefore unable to accept applications until then.[5]

Mr. Vega claims that on October 27, 2022, he called MEDC and was connected with an employee named Beth. Beth allegedly "refused to connect the call with a loan officer" twice.[6] According to Mr. Vega, the connection was lost, and another MEDC employee named Diane answered. Mr. Vega alleged that Diane also refused to connect him to a loan officer or to Beth, explaining that she was on another call.[7] Mr. Vega claimed that Beth repeatedly denied that MEDC had any grants or forgivable loans "on hand derived from the State of Wisconsin to provide small businesses affected by the COVID-19 Pandemic for any purpose including revitalizing a shuttered property anywhere throughout Milwaukee."[8] Mr. Vega alleges that these denials and MEDC's employees' failures to connect him to a loan officer was an "obvious"

---

[1] Compl. p. 2.
[2] *Id.*
[3] Compl. p. 3; *See also* https://doa.wi.gov/pages/DiverseBusinessInvestment.aspx.
[4] Decl. of David Latona ¶ 5.
[5] *Id* at ¶ 6.
[6] Compl. p. 3.
[7] Compl. p. 4.
[8] *Id.*

denial of credit. He claims that he was the subject of a "criminal fraudulent act that one more time violated Vega Global Advisors right to access a credit source because the income in question was affected by the COVID-19 Pandemic which was based on income that derived from part-time employment, or a 401K, or revenue held in reserve."[9]

On October 12, 2023, Mr. Vega filed this action seeking to recover from MEDC for denying him credit in violation of the ECOA.

### III.  STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir 2014). To survive a motion to dismiss, however, a complaint must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Yeftich*, 722 F.3d at 915. A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Claims that do not raise a right to relief above the speculative level are subject to dismissal under Rule 12(b)(6). *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### IV.  ARGUMENT

---

[9] *Id.*

Mr. Vega's Complaint fails to state a claim upon which relief can be granted for three reasons: (1) he is not an "applicant" under the ECOA; (2) even if Mr. Vega were an applicant under the Act, the activities as described in the Complaint do not constitute discrimination under the Act; and (3) the Diverse Business Initiative Grant program was a credit assistance program expressly authorized by law for an economically disadvantaged class of persons under 15 U.S.C.A. § 1691(c)(1), and because any alleged denial Mr. Vega set forth in his Complaint was made pursuant to that program, MEDC's actions are not discriminatory as a matter of law. Mr. Vega's Complaint therefore lacks enough facts to state a claim that is plausible on its face. He has failed to state a claim under which relief can be granted and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) accordingly.

## I. Mr. Vega's Claim Fails Because He Did Not Plausibly Allege that He "Applied" for a Loan from MEDC.

Mr. Vega failed to establish that he is an "applicant" within the meaning of the ECOA, and therefore has failed to plausibly state a claim for relief under the Act.

Under the ECOA, it is unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract). 15 U.S.C.A. § 1691(a)(1). Furthermore, it is unlawful to discriminate because all or part of the applicant's income derives from any public assistance program or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. 15 U.S.C.A. § 1691(a)(2). To state a claim for relief under the ECOA, a plaintiff must plausibly show that they were discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that the (1) plaintiff was an "applicant"; (2) the defendant was a "creditor"; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit

transaction on the basis of the plaintiff's membership in a protected class. *Alexander v. AmeriPro Funding, Inc*., 848 F.3d 698, 705–06 (5th Cir. 2017).

15 U.S.C.A. § 1691(b) defines "applicant" as: "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." "There is nothing ambiguous about 'applicant.'" *Moran Foods, Inc. v. Mid–Atl. Mkt. Dev. Co*., LLC, 476 F.3d 436, 441 (7th Cir. 2007). "To 'apply' means 'to make an appeal or request especially formally and often in writing and usually for something of benefit to oneself.'" *Hawkins v. Cmty. Bank of Raymore*, 761 F.3d 937, 941 (8th Cir. 2014).

12 C.F.R. § 202.2 further defines "applicant" and "application" in the context of an ECOA claim:

> (e) Applicant means any person who requests or who has received an extension of credit from a creditor and includes any person who is or may become contractually liable regarding an extension of credit. For purposes of § 202.7(d), the term includes guarantors, sureties, endorsers, and similar parties.
>
> (f) Application means an oral or written request for an extension of credit that is made in accordance with procedures used by a creditor for the type of credit requested. The term application does not include the use of an account or line of credit to obtain an amount of credit that is within a previously established credit limit. <u>A completed application means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested</u> (including, but not limited to, credit reports, any additional information requested from the applicant, and any approvals or reports by governmental agencies or other persons that are necessary to guarantee, insure, or provide security for the credit or collateral). The creditor shall exercise reasonable diligence in obtaining such information.

12 C.F.R. § 202.2 (emphasis added)

Mr. Vega did not plausibly show that he is an "applicant" as defined by the ECOA and its implementing regulations. At no point in his Complaint did Mr. Vega allege that he requested an

5

extension of credit from MEDC and that he was denied as a result of his membership in a protected class. Mr. Vega only alleged that he was "denied access to a grant and forgivable loan by the Milwaukee Economic Development Corporation" during a phone call because an MEDC employee did not connect him with a loan officer. Compl. pp. 3—4. He claimed that two MEDC employees that he spoke with on the phone denied that MEDC had grants on hand from the State of Wisconsin to provide to small businesses affected by the COVID-19 pandemic. *Id.*

He did not allege that he formally submitted a grant application to MEDC. He did not plead facts to suggest he made any further attempts to apply for a grant or a loan through MEDC's proper channels. Per his Complaint, Mr. Vega made two phone calls and was simply told that MEDC was not administering loans and grants from the Wisconsin Department of Administration's Diverse Business Investment Grant program at that time. These are the only allegations, broad and unspecific, and such allegations are insufficient to show that Mr. Vega actually "applied" for credit. He merely sought information, which does not make him an applicant. *See, e.g. Alexander v. AmeriPro Funding, Inc.,* 848 F.3d 698, 708 (5th Cir. 2017).

Thus, because Mr. Vega did not actually request an extension of credit nor apply to MEDC for an extension of credit, he is not an applicant under the ECOA. Therefore, he has failed to state a claim upon which relief can be granted and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### II. Mr. Vega Failed to Plausibly Show that MEDC Discriminated Against Him During a Credit Transaction.

Mr. Vega failed to plead facts to plausibly show that MEDC discriminated against him on the basis of his membership in a protected class during a credit transaction, and his Complaint should be dismissed accordingly.

The ECOA implementing regulations define "discriminate against an applicant" as "treat[ing] an applicant less favorably than other applicants." 12 C.F.R. §§ 202.2(n), 1002.2(n). Mr. Vega did not plead any facts to support an inference that he was treated less favorably than other applicants on the basis of his membership in a protected class. Mr. Vega claims that the MEDC employees he spoke with over the phone denied that MEDC had any grants or forgivable loans from the State of Wisconsin to "provide to small businesses affected by the COVID-19 Pandemic for any purpose, including revitalizing a shuttered property." He claims that "instead he was the subject in effect of a criminal fraudulent act that one more time violated Vega Global Advisors right to access a credit source because the income in question was affected by the COVID-19 Pandemic which was based on income that derived from part-time employment, or a 401K, or revenue held in reserve." Even taking this statement as true, it is merely conclusory and a regurgitation of the elements in 15 U.S.C.A. § 1691(a), and it is insufficient to plausibly state a claim for relief per *Twombly*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(stating "a pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do.") Mr. Vega did not plead facts to establish that the MEDC employees had any knowledge of where his income was derived from; only that they told him they were not in possession of grants or forgivable loans to revitalize shuttered businesses in the Milwaukee area. Because Mr. Vega was not treated differently than other applicants, the MEDC employees' actions are not discriminatory under the ECOA.

Further, their statements were accurate. When Mr. Vega contacted MEDC to inquire about the Diverse Business Initiative Grant Program, MEDC was still awaiting further guidance from the Wisconsin Department of Administration and was not accepting grant applications. Mr.

Vega was treated exactly the same as any other individual would have been who contacted MEDC regarding the Diverse Initiative Grant program when Mr. Vega did.

Therefore, Mr. Vega has failed to plausibly show that he was discriminated against as defined by the ECOA and its implementing regulations and his Complaint should be dismissed accordingly.

**III. Mr. Vega Failed to Plead Facts Plausibly Constituting a Claim for Discrimination Under the Equal Credit Opportunity Act because the Program at Issue is a Special Purpose Credit Program.**

Even if Vega had completed an application, his purported "denial" of his application does not constitute discrimination under 15 U.S.C.A. § 1691(c)(1). The ECOA provides that it is not a violation of the Act for a creditor to refuse to extend credit offered pursuant to certain credit assistance programs if such refusal is required by, or made pursuant to, such program. These programs are enumerated as: (1) any credit assistance program expressly authorized by law for an economically disadvantaged class of persons; (2) any credit assistance program administered by a nonprofit organization for its members or an economically disadvantaged class of persons; or (3) any special purpose credit program offered by a profit-making organization to meet special social needs which meets standards prescribed in the regulations. U.S.C.A. § 1691(c)(1).

First, the Diverse Business Initiative Grant program was specifically passed to help an economically disadvantaged class of businesses. Mr. Vega did not fit into the class outlined in the program guidelines by his own description. In his Complaint, Mr. Vega stated he was seeking a loan to "revitalize a shuttered property in Milwaukee." The Wisconsin Department of Administration required any grants from this program to be used for specific purposes, including, restocking inventory (no alcohol), PPE for employees or customers, physical modifications of

space to align with COVID guidance, cost of rent or principal/interest for building mortgage, utilities, and payroll. Compl. p. 3.

Revitalizing a shuttered property is not one of the stated purposes for which the funds could be allocated. Therefore, even if Mr. Vega had actually applied for a grant prior to the deadline and had actually been denied based on his source of income as alleged in his Complaint, the denial still would not be considered discrimination pursuant to 15 U.S.C.A. § 1691(c)(1).

Second, although Mr. Vega never applied for a grant, he claims that he was "denied" access to credit by the MEDC employees. However, his purported "denial" was based on the fact that the deadline to apply for the Diverse Business Initiative Grants program had passed. Pursuant to 15 U.S.C.A. § 1691(c)(1) a denial made pursuant to the Diverse Business Initiative Grant program rules is not discrimination.

Thus, because the Diverse Business Initiative Grant program was a credit assistance program expressly authorized by law for an economically disadvantaged class of persons under 15 U.S.C.A. § 1691(c)(1), and any alleged denial Mr. Vega set forth in his Complaint was made pursuant to that program, MEDC's actions are not discriminatory as a matter of law. Accordingly, Mr. Vega's Complaint should be dismissed.

## V. <u>CONCLUSION</u>

For the foregoing reasons, this defendant respectfully request this Court dismiss Mr. Vega's Complaint because it fails to state a claim upon which relief may be granted and enter an order:

1. Dismissing Plaintiff's Complaint with prejudice; or

2. Granting such other and further relief as this Court deems just and equitable.

Dated this 15th day of December, 2023

                              Amundsen Davis, LLC
                              Attorneys for Defendants

                                  *Emily M. Behn – Electronically signed*
By:_____
                              Lawrence J. Glusman - State Bar No. 1024507
                              Emily M. Behn - State Bar No. 1119202

<u>MAILING ADDRESS</u>:
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Phone: (414) 225-1413
lglusman@amundsendavislaw.com
ebehn@amundsendavislaw.com