PABLITO VEGA,

    Plaintiff,

vs.

Case No. 23-CV-1357

COMMUNITY DEVELOPMENT FINANCIAL
  INSTITUTION LOCAL INITIATIVES SUPPORT
  CORPORATION MILWAUKEE OFFICE,

COMMUNITY DEVELOPMENT FINANCIAL
  INSTITUTION MILWAUKEE ECONOMIC
  DEVELOPMENT CORPORATION,

    Defendants.

**DEFENDANT MILWAUKEE ECONOMIC DEVELOPMENT CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff Pablito Vega's ("Mr. Vega") "Petitioner Vega's Reply to Deny MEDCs Motion to Dismiss of 15 December 2023" (the "Response") fails to cure the deficiencies of his Complaint and establish a viable cause of action for relief against defendant Milwaukee Economic Development Corporation[1]. Mr. Vega ignores both procedural and substantive law and instead asserts the threadbare conclusion that he is entitled to monetary damages from MEDC for "discrimination." Mr. Vega's claims are unfounded.

On October 12, 2023, Mr. Vega filed this action seeking to recover from MEDC for denying him credit in violation of the Equal Credit Opportunity Act ("ECOA"). He claimed that

---

[1] Mr. Vega incorrectly identified MEDC as "Community Development Financial Institution Milwaukee Economic Development Corporation." The proper legal entity is "Milwaukee Economic Development Corporation," and Amundsen Davis solely represents MEDC.

on October 27, 2022 he contacted MEDC and spoke with two MEDC employees. He alleged that the employees did not connect him with a "loan officer" and denied having any grants or forgivable loans "on hand derived from the State of Wisconsin to provide small businesses affected by the COVID-19 Pandemic for any purpose including revitalizing a shuttered property anywhere throughout Milwaukee."[2] Mr. Vega argued that these denials were an "obvious denial of credit" and that he was the subject of a "criminal fraudulent act that one more time violated Vega Global Advisors [sic] right to access a credit source because the income in question was affected by the COVID-19 Pandemic which was based on income that derived from part-time employment, or a 401K, or revenue held in reserve."[3] On December 15, 2024, MEDC moved to dismiss Mr. Vega's complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. On December 21, 2023 Mr. Vega filed the 17-page Response with the Court.

Mr. Vega's claims are entirely unsupported by either facts he alleges or by any other recognized authority. Because Mr. Vega has not and cannot plead facts to state a claim under the ECOA that is plausible on its face, his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the merits and with prejudice.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). To survive a motion for Rule 12(b)(6) dismissal, a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a plaintiff is not required to plead detailed

---

[2] Compl. p. 3.
[3] Compl. p. 4.

factual allegations, he must plead "more than labels and conclusions." *Id.* Therefore, a simple, "formulaic recitation of the elements of a cause of action will not do*.*" *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955) (internal citations and quotations marks omitted).

### III. ARGUMENT

i. **Mr. Vega's Response Improperly Contains Facts Inconsistent with the Allegations in the Complaint and Must Be Disregarded.**

In the Response, Mr. Vega improperly added multiple facts and allegations not contained in his Complaint in an attempt to bolster his claims. Ordinarily, in ruling on a motion to dismiss, the court may not consider matters outside the pleadings. *Albany Bank & Trust Co. v.. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Facts alleged by a plaintiff in a brief in opposition to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint **so long as they are consistent of the allegations in the complaint.**" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (emphasis added). "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). As a result, the Court should reject any argument from Mr. Vega that contains facts outside of the Complaint.

Among others, Mr. Vega included the following inconsistent "facts" that were not a part of his Complaint:

3

- The MEDC employees were both "illegally acting as an assignee of MEDC" in October 2022 even though they weren't hired to make any credit decisions on behalf of MEDC.[4]

- That MEDC "declined the loan and showed a preference for a non-protected individual."[5]

- That MEDC denied his "loan request on the spot" because the MEDC employees "did not believe that Pablito Vega was in fact affiliated with a private startup."[6]

- MEDC prevented him from accessing the "actual loan application."[7]

Mr. Vega asserts these additional facts to support his alleged discrimination under the ECOA. Instead of entertaining any of these additional facts, the Court should dismiss Mr. Vega's complaint for failure to state a claim upon which relief can be granted based solely on the facts he alleged in the Complaint and the binding law applicable to those claims.

### a. Mr. Vega is not an Applicant Within the Meaning of the ECOA.

Mr. Vega failed to establish that he is an "applicant" within the meaning of the ECOA, and therefore has failed to plausibly state a claim for relief under the Act.

In his Complaint, Mr. Vega only alleged that he was "denied access to a grant and forgivable loan by the Milwaukee Economic Development Corporation" during a phone call because an MEDC employee did not connect him with a loan officer.[8] He claimed that two MEDC employees that he spoke with on the phone denied that MEDC had grants on hand from the State of Wisconsin to provide to small businesses affected by the COVID-19 pandemic.[9]

---

[4] Petitioner Vega's Reply to Deny MEDCs Motion to Dismiss of 15 December 2023 at 4.
[5] *Id.* at 5.
[6] *Id.* at 12.
[7] *Id.* at 16
[8] Compl. pp. 3—4.
[9] *Id.*

4

These are the only allegations, broad and unspecific, and such allegations are insufficient to show that Mr. Vega actually "applied" for credit. Despite Mr. Vega's insistence in the Response that he specifically requested a loan, this was a fact that was not included in his original Complaint and the court should disregard it accordingly. He merely **sought information**, which does not make him an applicant. See, e.g. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 708 (5th Cir. 2017).

### b. Mr. Vega Failed to Establish that he was Discriminated Against.

Mr. Vega failed to plead facts to plausibly show that MEDC discriminated against him on the basis of his membership in a protected class. First, the class Mr. Vega claims to be a part of is not included in the definition under the ECOA. Second, he failed to plead facts to show that he was treated less favorably than other applicants.

Under the ECOA, it is unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract). 15 U.S.C.A. § 1691(a)(1). The ECOA implementing regulations define "discriminate against an applicant" as "treat[ing] an applicant less favorably than other applicants." 12 C.F.R. §§ 202.2(n), 1002.2(n).

In the Response, Mr. Vega claims he is a member of a protected class because he is a "qualified small business in census tracts."[10] This is not a protected class identified in the ECOA. Mr. Vega also failed to establish that he was actually discriminated against. In the Response he merely stated that he was discriminated against. Simply restating elements and couching legal conclusions as factual allegations is not enough to state a claim for relief under the ECOA. *See Cf. Guise v. BWM Mortgage LLC*, 377 F.3d 795, 799 (7th Cir. 2004) (relying on TILA's

---
[10] Petitioner Vega's Reply to Deny MEDCs Motion to Dismiss of 15 December 2023 at 10.

definitions of types of fees and charges to be included in computation of finance charges, court affirms dismissal of TILA complaint pursuant to Rule 12(c)). See *also Voeks v. Pilot Travel Centers,* 560 F.Supp.2d 718, 720 (E.D. Wis. 2008) (on motion to dismiss, court not bound to accept as true a legal conclusion couched as a factual allegation).

      **ii.    Mr. Vega Waives and Concedes Dispositive Issues By Failing to Respond to MEDC's Arguments in the Response.**

In its initial brief, MEDC identified numerous grounds for dismissal of all claims in this litigation. Those grounds were as follows: 1) Mr. Vega is not an "applicant" under the ECOA; 2) Even if Mr. Vega were an applicant under the ECOA, the activities described in the Complaint do not constitute discrimination under the ECOA; and 3) the Diverse Business Initiative Grant program was a special credit use program under 15 U.S.C.A. § 1691(c)(1) and any alleged denial Mr. Vega set forth in his Complaint was made pursuant to that program, and MEDC's actions are not discriminatory as a matter of law.

A district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss. *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018); *see also Tufco L.P. v. Reckitt Benckiser (ENA) B.V.,* 636 F. Supp. 3d 943, 950 (E.D. Wis. 2022). "The law of this circuit is clear and longstanding: failure to oppose an argument constitutes waiver." *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) (court held that plaintiff had waived right to challenge defendant's assertion of statute of limitations defense by failing to oppose defendant's argument in response to motion to dismiss); *Cincinnati Insurance Co. v. Eastern Atlantic Insurance Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (plaintiff's failure to mention defendant's argument regarding scope of insurance policy exclusion treated as "acquiescence" to defendant's interpretation, rendering unnecessary any substantive determination by the court).

In the Response, Mr. Vega attempted to advance several arguments which do not apply to anything asserted in MEDC's brief. For example, Mr. Vega argues that he was "obviously discouraged" by MEDC to "not pursue any further ARPA economic resources." He also argued that MEDC lied to him about having loans available when he contacted them.

By failing to respond to MEDC's arguments that he is not an applicant because he did not actually *apply* for a loan or extension of credit and that MEDC did not actually *discriminate* against him, he concedes that he has failed to plead two essential elements and therefore he cannot recover under the ECOA. And finally, in the Response, Mr. Vega actually explicitly concedes that the Diverse Business Initiative Grant program was a special credit use program under 15 U.S.C.A. § 1691(c)(1).[11] However, he wholly ignores MEDC's argument that as a special credit use program, any alleged denial made pursuant to that program is not discriminatory as a matter of law. In doing so, he is further admitting that his allegations that MEDC "denied his application" could not be discriminatory. As a result, the Court should dismiss these claims.

## IV. CONCLUSION

Mr. Vega's claims are entirely unsupported by either the facts he alleges or any other recognized authority. He cannot establish any of the essential elements on any of his claims based on the allegations in the Complaint, nor does the Response address any of these deficiencies. Because Mr. Vega has not pled and cannot plead facts to set forth a claim upon which he may be plausibly entitled to relief, his Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

---

[11] *Id.* at 5.

7

Case 2:23-cv-01357-PP   Filed 01/04/24   Page 7 of 8   Document 15

Dated this 4th day of January, 2024

                                Amundsen Davis, LLC
                                Attorneys for Defendant Milwaukee Economic
                                Development Corporation

                                    *Emily M. Behn – Electronically signed*
By:_____
                                Lawrence J. Glusman - State Bar No. 1024507
                                Emily M. Behn - State Bar No. 1119202

<u>MAILING ADDRESS:</u>
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Phone: (414) 225-1413
lglusman@amundsendavislaw.com
ebehn@amundsendavislaw.com